# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KELVIN E. BROWN, | ) |
| | ) Case No. 7:12cv00487 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GREGORY HOLLOWAY, <u>et</u> al., | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendant(s). | ) |

This matter is before the court on plaintiff's motion for a preliminary injunction (Docket No. 22) to which the defendants have responded. Upon review of the record, the court concludes plaintiff's motion must be denied.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A showing of a "strong possibility of harm is insufficient because the standard requires a showing that harm is "likely." Id. at 22. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S.Ct. 2371 (2010) reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

In support of his motion for a preliminary injunction and in his underlying civil rights action, Brown states that he was assaulted by prison officers on July 22, 2012 at Wallens Ridge State Prison ("Wallens Ridge") and was denied participation in the Ramadan 2012 fast after an

officer claimed to see him eating during fasting hours. Subsequent to the alleged assault, Brown was moved to Red Onion State Prison ("Red Onion") where he is currently housed. He claims that he continues to experience religious discrimination by the Red Onion mailroom, specifically not receiving his religious publications. Brown also claims that he fears for his safety and believes he will be discriminated against, threatened and harassed at Red Onion, and that his reputation may be harmed by "bogus charges" which may affect his chance of parole. Brown states that Red Onion and Wallens Ridge "share a high level of nepotism…wherein retaliations, harassment, and threats" are passed on through correctional officers who are also family members. Brown asks the court to transfer him to a prison other than Wallens Ridge or Red Onion.

Brown's allegations fail to demonstrate that he will suffer any irreparable harm in the absence of the requested court intervention. Brown alleges that he was assaulted while at Wallens' Ridge. However, he is now confined at Red Onion. He also claims that the Red Onion mail room discriminates against him. However, he does not specify which publication was withheld, when this alleged discrimination occurred, or how such actions demonstrate that any related harm is likely.[1] Brown's claim regarding the 2012 Ramadan fast cannot constitute imminent or irreparable harm, as the 2012 fast has passed and he does not allege that denial of participation in 2012 will preclude him from participation in the future. Finally, his claims regarding harassment, retaliation, discrimination, physical harm and "bogus charges" are

---

[1] Because Brown's demand for a preliminary injunction regarding mail room discrimination is not related to the claims in his underlying lawsuit, he is not entitled to injunctive relief on this issue. See, Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. Va. 1997) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (quoting, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

speculative, as he does not allege that these have occurred, but merely states he believes he will suffer these violations if he is not transferred from Red Onion.

Brown thus fails to satisfy all four elements of the <u>Winter</u> test, so as to warrant the interlocutory relief he seeks. Accordingly, the court will deny plaintiff's motion for interlocutory injunctive relief.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

    Entered: May 20, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge